Mr. Justice Noit
delivered the opinion of the court:
I concur in opinion with the presiding judge below on all the grounds made in this case. The declarations of the payee in relation to the interest of the present plaintiff, r:y'c. properly rejected. This case does not come within t’r' 7iri.si;i;,]t: involved in the case of Jordan &? Lash-b, oí /'7 ?V«? Rep. 601.) In that case, the question v/.r- vn.Vihn irdorsce of a note could boa witness to i>f'.;.-3c': its validity, and not whether his declarations nugh.. in; gVon in evidence ? It appears to me that the pi‘V<. e might have been a witness, but his declarations certainly could not be received.
2d. I am as well satisfied that the testimony of Williams was properly admitted ; that question already hat been decided by this court. (Duncan et. al. ads. Bell et. al. 2 Nolt & McCord, 153. 5 Espinasse Rep. 100, Briggs vs. Lekeek.)
The negro may have been sound when Williams sold her, and became diseased after she came to the hands of the present plaintiff. A disease may be of such a nature, and two sales in succession so nearly co-tcmporaneous, that proving the property to be unsound in the hands of the latter, would furnish pretty conclusive evidence that it must have been so in the hands of a former seller. In such case, perhaps, his testimony ought to be rejected ; but unless his interest is made to appear, the objection can only go to his credit, and not to his competency.
3d. The defence of unsoundness of property, which is allowed to be set up against a note of hand or bond, is usually, but I think improperly, considered as a set off. A. set off, means a counter demand which the defendant has against the plaintiff; and although one set off case is very comprehensive in its terms, (embracing any cause, matter or thing,) yet it has always been restricted in its construction to demands arising on contract. Damages arising from slander, assault and battery, deceit, and other cases sounding merely in damages, have never been considered the subjects of set off; and although a demand, arising *217 from the unsoundness of property, is bottomed on an implied warranty, which partakes of the nature of a contract, yet such a defence has never been allo wed, except where it had relation to the property which cimctituled the consideration of the plaintiff’s demand, and '¿ben the object is rather to defeat the plaintiff’s action, on the ground of a failure of consideration, than to recover from him on the ground of contract: though if the money has been paid, and there is a total failure of consideration, or the contract be rescinded, the defendant may recover fiom the plaintiff, the money so paid ; but I have never known it allowed, where the claim was for consequential damages, or in a case partaking of the nature of a tort.
And much less can it be allowed in this case, where the action is brought by the bearer of the note, and not the payee. The plaintiff is a stranger to the transaction, and cannot be answerable for damages occasioned by the fraud or misrepresentation of the vendor, or to refund money paid by him. *
4th. I think the defendant hae r,: 1“\-o r.rso of complaint on the last ground ; if there was any error in the opinion of the court, it was in being too favorable to the defendant. He had sent away the negro for sale — she then appeared Well. Whether she continued so or not, did not appear. He therefore could have no claim on the ground of unsoundness at that time. Whether he was entitled to an abatement on account of the loss of labor, expenses, &c. is at least questionable. I have been always under an impression, that to establish a breach of an implied warranty of soundness, there must be evidence of a fixed permanent disease, which went to impair the intrinsic value of the property. (Garment vs. Bans, 2 Espinasse Rep. 673.) Would a defective tooth, by which a negro might be laid up a few days with a tooth ache, or subject the purchaser to the expense of having it extracted.; be a breach of such warranty ? Or even a fever, or any other temporary complaint, by which lie should lose his services for several weeks, and incur the expenses of a *218 doctor’s bill ? If eV'ery such case is to furnish a cause 6Í action, we have an ample field of litigation opening to our View which has been hitherto unexplored.
Gregg, for the motion.
McCord <§• Stark, contra,'
But however that may be, the defendant in this case has no ground for a new trial, and the motion must therefore be refused.
Justices Huger, Michardson, Johnson and Colcock, Concurred.